IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NORMAN SMITH on the behalf of the estate of Antonio J. Smith,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS; MEMPHIS POLICE DEPT.; and MICHAEL RILLING substituting For both JOHN DOE officers individually and in their official capacities,<br><br>    Defendants. | Case No. 2:20-cv-02086-JTF-dkv |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO SET ASIDE THE MAGISTRATE JUDGE'S RULING OR IN THE ALTERNATIVE FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Before the Court is Defendant City of Memphis's (the "City" or "Defendant") Motion to Dismiss pro se Plaintiff Norman Smith's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); the Motion was filed on February 27, 2020. (ECF No. 17.) Plaintiff filed a response in opposition to the Motion on March 6, 2020 and filed an Amended Complaint[1] on March 20, 2020. (ECF Nos. 19 & 22.) The case was referred to the Magistrate Judge for management of all pretrial matters and report and recommendations, pursuant to Administrative Order 2013-05 and 28 U.S.C. § 636. (ECF No. 24, 2.) The Magistrate Judge issued a Report and Recommendation ("R. & R.") on April 2, 2020, recommending that the Court grant the

---

[1] The Magistrate Judge accepted Plaintiff's Amended Complaint (hereinafter the "complaint") as timely and considered the allegations therein when issuing the R. & R. on the City's Motion to Dismiss. (ECF No. 24, 8.)

1

Defendant's Motion to Dismiss Plaintiff's complaint. (*Id*.) Included with the R. & R., the Magistrate Judge denied as moot Plaintiff's previously filed motion for leave to file an amended complaint and denied Plaintiff's alternative request for the appointment of counsel. (ECF No. 18.) Neither of the parties filed formal objections to the R. & R. and their opportunity to do so has passed. 28 U.S.C. § 636(b)(1); LR 72.1(g)(2).

In light of the recommendation to dismiss the complaint, the Court entered an order directing Plaintiff to file any objections he had to the R. & R. by May 7, 2020, or otherwise show cause why the Court should not adopt the R. & R. in full. (ECF No. 26.) On May 1, 2020, Plaintiff filed a Motion to Set Aside Court Ruling of the Magistrate Judge or in the alternative Motion for to Leave to Amend Complaint ("Motion to Set Aside"), which the Court construes as Plaintiff's only objections to the R. & R. (ECF No. 27.) During a June 2, 2020 hearing, the Court granted Plaintiff's request for more time to obtain counsel, setting a deadline of June 30, 2020 for him to do so. (ECF No. 28.) The Court then received a Notice Filing from Plaintiff on July 23, 2020, indicating that "he found counsel in Grenada Mississippi from the Cochran firm." (ECF No. 32.) The Court construed this Notice as a Motion for Additional Time to Obtain Counsel and granted the request, again postponing the deadline for Plaintiff to obtain counsel until September 4, 2020. (ECF No. 33.) At a hearing on that date, Plaintiff appeared pro se and again requested additional time to obtain counsel. (ECF No. 35.) The Court informed Plaintiff that he is entitled to obtain representation but indicated that the Court will not wait any longer for Plaintiff's counsel to file a notice of appearance before ruling on the pending motions. (*Id*.)

The Court finds the case ripe for adjudication. For the following reasons, the Court ADOPTS the R. & R., and DISMISSES Plaintiff's claims against the Defendants.

## **FACTUAL HISTORY**

In the R. & R., the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 24, 2-5.)

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472, 88 L.Ed.2d 435 (1985)).

This is consistent with the purposes of 28 U.S.C. § 636, particularly to preserve judicial economy and protect against the "duplication of time and effort" caused when "both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

### 1. Report and Recommendation

The Magistrate Judge conducted a thorough analysis of Plaintiff's allegation that the City, the Memphis Police Department ("MPD"), and the Director of Police Services for the MPD, Michael Rallings serving as substitute for two John Doe MPD Officers, violated Antonio J. Smith's civil rights under 42 U.S.C. § 1983. (ECF Nos. 1 & 24.) The R. &. R recommends that Plaintiff's complaint should be dismissed for three reasons.

First, the R. & R found that Plaintiff's complaint should be dismissed for lack of standing. (ECF No. 24, 12.) The Court agrees. *See Johns v. Cty. Of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotations and citation omitted); *Oliver v. Pogats*, 960 F.2d 149 (6th Cir. 1992) (holding that a husband lacked standing to sue on his wife's behalf for alleged violations of her constitutional rights). The Court adopts the R. & R.'s conclusion that as a pro se party, Plaintiff lacks standing to represent Mr. Antonio Smith's estate or Antonio Smith's children in federal court, and his complaint should be dismissed.

Second, even if Plaintiff had standing, the Magistrate Judge recommends that Plaintiff's complaint be dismissed under Fed. R. Civ. P. 12(b)(6) because he failed to state a claim against any of the Defendants for which relief can be granted under 42 U.S.C. § 1983. (ECF No. 24, 13-18.) Specifically, the R. & R. found that Plaintiff did not assert a proper § 1983 claim against the

4

City and thus, the claims should be dismissed. (*Id*.) Further, "[c]laims against government officials in their official capacities are tantamount to a suit against the governmental entity." (*Id*. at 16) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). Here, because Plaintiff failed to assert a valid § 1983 claim against the City, the R. & R. found that his claims against Director Rallings, in his official capacity as a substitute for certain unnamed MPD officers, should be dismissed. (*Id*. at 16-17.) Likewise, the R. & R. found that Plaintiff's claim of individual liability against Director Rallings should also be dismissed because the complaint failed to raise any factual allegations against Rallings that satisfy the minimum requirements of a § 1983 claim. (*Id*. at 17) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (describing the minimum requirements of a § 1983 claim against an individual). Lastly, the R. & R. found that the MPD is not a separate legal entity from the City of Memphis and thus, may not be sued under § 1983. (*Id*. at 18.) *See Mathes v. Metro. Gov't of Nashville & Davidson Cty*., No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). The Court agrees and adopts the Magistrate Judge's recommendation to dismiss all claims against the City, Director Rallings, and the MPD.

   Third and finally, the R. & R. found that it is unnecessary for the Court to consider Plaintiff's claims for punitive damages against the City because, as determined above, Plaintiff lacks standing to bring this suit and even if he had standing, the case should be dismissed for his failure to state a claim. (ECF No. 24, 18.) The Court agrees and adopts the recommendation to not consider Plaintiff's claims for punitive damage.

### 2. Plaintiff's Objections

Plaintiff did not file any formal objections to the R. & R., but he did move the Court to set aside the Magistrate Judge's ruling, or in the alternative, grant him leave to amend his complaint. (ECF No. 27.) Although the Court construes this as Plaintiff's objections, the Motion to Set Aside only challenges the Magistrate Judge's decision on Plaintiff's motion to amend the complaint, it does not address the R. & R. (*Id.*) Plaintiff contends that Chief Magistrate Judge Vescovo "didn't rule on the denial of the amended complaint until the date of 4/2/2020 . . . ." (*Id.* at 1.) Plaintiff expresses frustration that "it took the court 2 months to answer his amended complaint," but he does not articulate any objections to the R. & R. itself. (*Id.* at 2.)

To the extent Plaintiff objects to the Magistrate Judge's ruling on his motion for leave to amend, his critique is misguided. The Magistrate Judge merely denied Plaintiff's request for leave to file an amended complaint as moot because the Court found that he was permitted to amend his complaint without seeking leave to do so. In other words, the Court accepted his amended complaint and the Magistrate Judge explicitly considered it when issuing the R. & R. on the Defendant's Motion to Dismiss. (ECF No. 24, 8.) Therefore, Plaintiff's Motion to Set Aside the Magistrate Judge's ruling (ECF No. 27) should be denied, and in the absence of any objections to the R. & R., the Court should adopt the recommendations in full. *Brown*, 47 F. Supp. 3d at 674.

### 3. Leave to Amend

Plaintiff's Motion to Set Aside requests, in the alternative, leave to file a second amended complaint, which Plaintiff refers to as his "Third Amended Complaint," in order to add two John Doe Defendants. (ECF No. 27, 2.) To clarify: The Court will refer to Plaintiff's "Third Amended Complaint" as his second amended complaint because Plaintiff has only amended his complaint once. *See* (ECF No. 22.) Upon review, the Court finds Plaintiff's second amended complaint

almost identical to his first amended complaint, which the Court already accepted. The only difference is that the second amended complaint named two John Doe MPD Officers in their individual and official capacities as Defendants, compared to Plaintiff's first amended complaint, which named Director Rallings as the substitute for two John Doe MPD Officers. (ECF Nos. 22 & 27, 3.)

The issue is whether to grant Plaintiff leave to file a second amended complaint. Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading if the opposing party provides written consent or the court grants leave to amend. The Rule instructs district courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Guided by this principle, courts "may weigh" certain factors when deciding whether to grant leave to amend. *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019). These factors include: "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Id*. A proposed amendment is considered futile if it could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018).

Here, Plaintiff's proposed amendment would not withstand Defendant's Motion to Dismiss. As described above, Plaintiff's second amended complaint names two John Doe MPD Officers individually and in their official capacities, but the complaint does not allege any new facts that change the Court's conclusion that Plaintiff does not have standing to bring this suit. Therefore, Plaintiff's request to amend his complaint a second time should be denied.

**CONCLUSION**

Upon *de novo* review, the Court **ADOPTS** the R. & R. in its entirety and **DISMISSES** Plaintiff's claims against all the Defendants **WITH PREJUDICE** for lack of standing and for failing to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's Motion to Set Aside the Magistrate Judge's Ruling (ECF No. 27) is **DENIED** and his alternative request for leave to file a second amended complaint is **DENIED**. [2]

**IT IS SO ORDERED** this 8th day of September 2020.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge

---

[2] Due to Plaintiff's *pro se* status, the Court notifies Plaintiff of his right to appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure, which provides: "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).